Day, C. J.
The question presented in this case arises upon a ■demurrer to the amended petition.
It appears from the petition that the case in which negligence is ■charged against the defendant, was an action against the plaintiff .and four others on a note. The plaintiff set up a separate defense, that he was surety on the note, and that the payee of the note had .extended the time, of payment in favor of the makers, his eo-defend *496 ants, without his consent. It is not stated in direct terms in the-petition that the other defendants were in default; but it is averred “that the record or files of said case do not show, nor does it appear-from said record, what was the character or nature of the answers, if any, that were filed by said four joint makers to the note.” From this statement, it would seem that the other defendants in that case-made no defense, but suffered judgment to go against them by default.
The defense of Harter was in its nature personal and separate-from the other defendants. The only issue made in the case was-upon his individual answer; he alone, therefore, was entitled to a second trial. He alone gave the undertaking required to secure a second trial; but in its terms it purported to bind the makers for-the payment of any judgment that might be rendered against the-defendants.
Such proceedings were had on the second trial that Harter, the-plaintiff in this case, was discharged from the note, and judgment, was rendered in his favor, but against the other defendants for the-amount of the note.
Suit was brought against Harter on the undertaking, and a recovery had against him; but there is no claim of negligence against the defendant in the defense of that suit. It was in the suit on the-undertaking that the misfortune of the plaintiff arose, and not in the other; for the judgment in his favor, in the case in which the-496] undertaking was given, discharged *his liability thereon.. The legal effect of the undertaking was to render him liable only for such judgment as might be rendered against him. Secrist v. Barbee and Royston, 17 Ohio St. 425. There was, then, no negligence on the part of the defendant, to the legal prejudice of the' plaintiff, in the case as made in the petition. It follows, therefore, that the judgment of the court below, in sustaining the demurrer to the petition, was right, and that it must be affirmed.
Brinkerhoff, Scott, Welch, and White, JJ., concurred.